**UNITED STATES of America**

v.

**Lois E. deVALLET, Geraldine Maidana and Union Market National Bank of Watertown.**

**Civ. A. No. 56–344.**

United States District Court
D. Massachusetts.

June 6, 1957.

---

Robert F. White, Boston, Mass., for defendant deVallet.

Bernard P. Rome, Boston, Mass., for defendant Maidana.

Joseph F. McEvoy, Jr., Boston, Mass., for defendant Union Bank.

ALDRICH, District Judge.

This is an action brought by the government as the present holder of an overdue F.H.A. note on which it insured the defendant Union Market National Bank of Watertown, hereinafter called the bank. The bank, having failed to collect the note from the maker, the defendant Maidana, made claim against the government for the insurance, asserting, inter alia, that the defendant deVallet was a co-maker. The government paid the bank, and on seeking to recover from de-Vallet was met with her assertion that she had not signed. It now sues Maidana and deVallet, and, in the alternative, the bank, contending that the note did not qualify for insurance if deVallet's signature was forged.

I find that deVallet's signature was in fact forged. The action must be dismissed as against her. Whether the government is correct in its claim against the bank that the note accordingly did not qualify for F.H.A. insurance depends upon a construction of Regulation 201.3 (a) (now 201.2(a)), which reads as follows:

"*Eligible Notes*—(a) *Validity*

"The note shall bear the genuine signature of the borrower as maker, shall be valid and enforceable against the borrower or borrowers as defined in § 201.2(i), and shall be complete and regular on its face. The signatures of all parties to the note must be genuine * * *." 24 C.F.R. 201.3(a) (1949).

The note, which is on a printed form commencing "I/we promise to pay * *" terminated with lines for two signatures on the right hand side, and two comple-

Anthony Julian, U. S. Atty., Robert J. Hoffman, Asst. U. S. Atty., Boston, Mass., for plaintiff.

mentary lines for addresses on the left hand side. Maidana was the "borrower." Her signature appears on the first line at the right. The purported deVallet signature appears on the second line at the left, and under that is her address. No address appears for Maidana. The government claims that deVallet was a purported co-signer, or alternatively, an accommodation endorser.

■■ Although in its claim for the insurance the bank claimed deVallet to be a co-maker, I find this was an error by some clerk. The bank had not in fact previously regarded deVallet as a co-maker. But on the face of the instrument she was at least an endorser. Mass. G.L.(Ter.Ed.) ch. 107, §§ 39(6), 86; La Caisse Populaire Credit Union v. Cross, 293 Mass. 190, 199 N.E. 548. An endorser is a "party." I cannot agree with the bank's interpretation that the Regulation required genuine signatures only of borrowers, or only of certain parties. Its provisions are not so limited.

■■ It may be true, as the bank contends, that it never requested deVallet's signature, nor did it require in this instance any accommodation endorser to effect the loan. Nevertheless, any suggestion that an implied exception is to be read into the Regulation as to parties on which the bank did not in fact rely, however appealing in a particular case, would seem quite unwise. In marginal credit cases the bank testified it does require accommodation endorsers. If whenever there is a forgery there were to be a further question of fact as to the extent the bank relied on the signature this would introduce complications which I do not believe the courts should engraft. The government had the right to make such limitations on its insurance undertaking as it saw fit. It cannot be suggested that the Regulation was invalid, or not binding on the bank.

Judgment for the plaintiff against the bank in the amount stipulated. Action dismissed against the other defendants.